# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHAWN T. KIPP,**

       **Plaintiff,**

**-vs-**                **Case No. 6:11-cv-357-Orl-22GJK**

**RLM HOME MAINTENANCE, INC.,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT RLM HOME MAINTENANCE, INC. (Doc. No. 17)** |
| **FILED:** | **November 15, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**. | |

## I. BACKGROUND

On March 8, 2011, Plaintiff, Shawn T. Kipp, filed a Complaint against Defendant, RLM Home Maintenance, for violating the Fair Labor Standards Act (hereafter "FLSA") by not paying Plaintiff at one and one-half times his regular rate for weeks that he worked in excess of forty (40) hours. Doc. No. 1. In the Complaint, Plaintiff alleges that he was employed by Defendant as a

service technician from approximately August 2008 through January 2011. Doc. No. 1 at 2, ¶ 4. Plaintiff alleges that Defendant operates a "property maintenance and remodeling and mobile marine service in the State of Florida." Doc. No. 1 at 2, ¶ 5. Plaintiff alleges that, at all times relevant, he "was directly engaged in commerce." Doc. No. 1 at 2, ¶ 6. Plaintiff further alleges that Defendant is an "enterprise" engaged in commerce or produces goods for commerce with an annual gross volume of sales not less than $500,000. Doc. No. 1 at 2, ¶¶ 7-8.

On August 22, 2011, Plaintiff filed a notice of settlement indicating that the parties had settled the claim in the Complaint. Doc. No. 8. Plaintiff subsequently withdrew the notice of settlement because Defendant informed Plaintiff it did not "intend to honor the agreement that was previously made to resolve this matter." Doc. No. 13 at 1, ¶ 2. On October 31, 2011, Plaintiff filed an affidavit of service indicating that Defendant was served with the summons and Complaint on March 14, 2011. Doc. No. 14. On November 1, 2011, Plaintiff obtained a clerk's default against Defendant. Doc. Nos. 16. On November 15, 2011, Plaintiff moved for an entry of default final judgment against Defendant (hereafter "Motion"). Doc. No. 17.

## II.   LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id.* A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

### III. APPLICATION

To establish FLSA coverage over an overtime violation, "an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).'" *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)). In order for enterprise coverage to apply, "the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually." *Sandoval v. Fla. Paradise Lawn Maintenance, Inc.*, 303 F. App'x. 802, 805 (11th Cir. 2008) (emphasis in original). In this case, Plaintiff has established, and Defendant has admitted, enterprise coverage by virtue of his allegations that Defendant is an enterprise that is engaged in commerce or the production of goods in commerce and that Defendant's annual gross sales is not less than $500,000. *See id.*

#### A. Wages

By virtue of the clerk's defaults, Defendant admits that it employed Plaintiff between August 2008 and January 2011. In his supporting declaration, Plaintiff avers that he was paid $10.00 per hour and worked approximately 5.5 hours of overtime per week. Doc. No. 17-1 at 1, ¶ 5. In his declaration, Plaintiff calculates his damages as follows:

> I worked approximately 5.5 total overtime hours per week for 112 weeks during this period of employment, but did not receive my additional half rate of my regular pay from [Defendant] for those hours worked. I estimate that I am owed a total of 616 hours of unpaid overtime wages for the period of time of approximately August 2008 through January 2011, for a total of $3,080.00 (Approximately 112 weeks x 5.5 OT hrs. per week = 616 Total OT hours x $5.00 (1/2 Time) = $3,080.00).

Doc. No. 17-1 at 1-2, ¶ 6. Thus, Plaintiff avers that he was not paid half-time for 616 hours of overtime he worked between August 2008 and January 2011, and calculates his total damages as $3,080.00. Plaintiff is entitled to liquidated damages in an equal amount. *See* 29 U.S.C. § 216(b). Thus, Plaintiff's total damages are $6,160.00.

### B. Attorney's Fees and Costs

29 U.S.C. § 216(b) provides that a court, in any judgment awarded to a plaintiff, shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In the Motion, Plaintiff requests $2,848.00 in attorney's fees and costs. Doc. No. 17 at 4. This request is supported by an affidavit from Plaintiff's counsel, time sheets and an invoice for service of process fees. Doc. Nos. 17-2, 17-3, 17-4. In the supporting affidavit, Plaintiff's counsel indicates that Plaintiff is seeking to recover $1,265.00 in attorney time, $1,178.00 in paralegal time and $405.00 in costs. Doc. No. 17-2 at 2.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

4

experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Id.* at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's counsel filed a detailed time sheet showing the total amount of time spent on the case and the individual who performed each task. That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| L. Todd Budgen | 4.6 | $275.00 | $1,265.00 |
| Becki Rodak (paralegal) | 12.4 | $ 95.00 | $1,178.00 |
| **TOTAL** | **17.0** | | **$2,443.00** |

Doc. No. 17-2. It is **RECOMMENDED** that the hourly rates charged by Mr. Budgen and Ms. Rodack be found reasonable. The Court has previously awarded Mr. Budgen an hourly rate of $275.00 per hour. *See Perez v. Sandford-Orlando Kennel Club, Inc*., No. 6:05-cv-269-Orl-

28KRS (M.D. Fla. Aug. 14, 2009). The Court has previously found $95.00 per hour to be a reasonable paralegal rate. *See Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007).

After reviewing the time sheet, it is **RECOMMENDED** that the time expended by Mr. Budgen be found reasonable. It is **RECOMMENDED** that the time spent by Ms. Rodack be reduced by .7 hours because the following entries are duplicative of time spent by Mr. Budgen:

| Date | Time | Task |
|------|------|------|
| 3/11/11 | .1 | Receipt and review of Related Case and Interested Persons Order |
| 4/1/11 | .3 | Email from opposing counsel requesting extension and communicating offer |
| 4/18/11 | .1 | Email from opposing counsel following up on previous offer |
| 5/20/11 | .1 | Email from opposing counsel requesting additional information on the potential settlement |
| 11/1/11 | .1 | Receipt and review of Clerk's entry of Default |

Doc. No. 17-3 at 1, 3-5. Thus, it is **RECOMMENDED** that attorney's fees be awarded in the amount of $2,376.50 ($1,265.00 for Mr. Budgen's services (4.6 hours x $275.00) + $1,111.50 for Ms. Rodack 's services (11.7 hours x $95.00)).

In an FLSA action, the allowable costs are those set forth in 28 U.S.C. § 1920. *See Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 at *3 (M.D. Fla. Dec. 26, 2006). "It is error for a district court to award costs in excess of those permitted by § 1920." *Id.* The following items are permissible taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff seeks costs totaling $405.00, which includes the filing fee ($350.00) and cost of serving process ($55.00). These costs are authorized by Section 1920 and are recoverable.

## IV. CONCLUSION

For the above-stated reasons, it is **RECOMMENDED** the Motion be **GRANTED** only to the extent that Plaintiff is awarded $3,080.00 in damages, $3,080.00 in liquidated damages, $2,376.50 in attorney's fees and $405.00 in costs, for a total judgment of $8,941.50. Otherwise, it is **RECOMMENDED** the Motion be **DENIED.**

**THEREON** it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that Judgment is entered in favor of Plaintiff and against Defendant in the total amount of $8,941.50; and

2. In all other respects the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is also directed to send a copy of this report and recommendation to Defendant by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on December 7, 2011.

*Greg Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of Record
**Unrepresented Party by Certified Mail**